UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NASHWA KHALIL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. H-04-3093 |
| v. | § | |
| | § | |
| CHATHAM COLLEGE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM & ORDER**

Pending before the Court is Defendant, Chatham College's ("Chatham"), Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #6), Defendant's Conditional Motion to Dismiss for Improper Venue (Dkt. #7), Defendant's Motion to Strike Plaintiff's Memoranda in Opposition to Defendant's Motion to Dismiss Based on Rule 12(b) (Dkt. #13), Plaintiff, Nashwa Khalil's ("Khalil"), Motion for Leave to File Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #18), Plaintiff's Motion for Leave to File Response to Defendant's Motion to Dismiss for Improper Venue (Dkt. #20), and Defendant's Unopposed Supplemental Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #26).

After careful consideration of the parties' arguments, the entire record, and the applicable law, the Court is of the opinion that Chatham's Motion to Dismiss for Lack of Personal Jurisdiction should be GRANTED, Chatham's Unopposed Supplemental Motion to Dismiss for Lack of Personal Jurisdiction should be GRANTED, Chatham's Motion to Dismiss for Improper Venue should be DENIED as moot, Chatham's Motion to Strike should be DENIED, Khalil's Motion for Leave to File Response to Chatham's Motion to Dismiss for Lack of Personal Jurisdiction should be GRANTED, and Khalil's Motion for Leave to File Response to Chatham's Motion to Dismiss for Improper Venue should be GRANTED, as explained below.

**Factual and Procedural Background**

Plaintiff, Nashwa Khalil, is a resident of Harris County, Texas. (Dkt. #27, Khalil Aff.). Defendant Chatham College is a private university located in Pennsylvania. (Dkt. #6, Ex. B, Arnold Decl.). Chatham has no offices or campuses, employees, agents or servants, assets or bank accounts, in Texas. (Dkt. #6, Ex. B, Arnold Decl.). At the time of the events in question, Chatham maintained a university website, available to anyone with internet access. (Dkt. #15, Ex. A, Arnold Decl.)

During the Fall of 1999, Khalil applied to Chatham by sending an application by mail to Chatham in Pennsylvania. (Dkt. #6, Ex. B, Arnold Decl.). She gathered information about Chatham's program from the website and afterwards through correspondence with Chatham professors. (Dkt. #27, Khalil Aff.). Khalil was accepted to the physician's assistant program at Chatham, and traveled to Chatham to register. (Dkt. #17, ¶6; Dkt. #6, Ex. B, Arnold Decl.). At some point during the school year, and for reasons unclear to the Court, Chatham dismissed Khalil from the program and asked her not to return for the following fall. (Dkt. #17, ¶6). As a result, Khalil filed a complaint on August 3, 2004, alleging wrongful dismissal in a breach of contract action. (Dkt. #1).

Chatham filed its Motion to Dismiss for Lack of Personal Jurisdiction on November 22, 2004, and its Conditional Motion to Dismiss for Improper Venue on November 23, 2004. Although untimely, Khalil filed her Oppositions to Chatham's Motions to Dismiss on December 27, 2004, and later sought leave to file her responses. Chatham promptly filed a Motion to Strike Plaintiff's Opposition on December 30, 2004. Thereafter, Khalil filed a Motion to Amend Complaint on January 7, 2005, which the Court granted on June 3, 2005. Khalil filed her First Amended Complaint that same day. Because Chatham's initial Motion to Dismiss applied to Khalil's Original Complaint, Chatham subsequently filed its Unopposed Supplemental Motion to Dismiss for Lack of Personal Jurisdiction on June 9, 2005.[1]

**Discussion**

Chatham seeks dismissal of Khalil's complaint under Rule 12(b)(2) of the Federal Rules of Civil

---

[1] The Court construes Chatham's Unopposed Supplemental Motion to Dismiss as its indication that its first Motion to Dismiss should apply to Khalil's Amended Complaint.

Procedure for lack of personal jurisdiction. Alternatively, Chatham seeks dismissal of Khalil's complaint under Rule 12(b)(3) for improper venue. The Court will address Chatham's Rule 12(b)(2) motion below.

**I. Standard of Review**

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move for dismissal of the plaintiff's case for lack of personal jurisdiction. When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction over the defendant. *See Bullion v. Gillespie*, 895 F.2d 213, 216-17 (5th Cir. 1999). A court must accept the plaintiff's uncontroverted allegations, and resolve in [her] favor all conflicts between the facts contained in the parties' affidavits and other documentation. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (citation omitted). A court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

A court may exercise personal jurisdiction over a non-resident if doing so would comport with both the state's long-arm statute and the due process clause of the Fourteenth Amendment. *See Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104-05 (1987). The due process clause limits the power of a court to render a judgment against a non-resident defendant. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citing *Kulko v. Super. Ct. of Cal.*, 436 U.S. 84, 91 (1978)). It "protects an individual's liberty interests in not being subject to the binding judgment of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Consequently, a court may assert personal jurisdiction over a non-resident defendant only if certain minimum contacts exist between the defendant and the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See World-Wide Volkswagen*, 444 U.S. at 292 (citing *Int'l Shoe*, 326 U.S. at 316).

Courts have interpreted the Texas long-arm statute to extend to the limits of constitutional due

process under the Fourteenth Amendment. *See Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, a due process analysis under the Fourteenth Amendment has two elements:

(1)  the defendant purposefully must have established minimum contacts with the forum state, invoking the benefits and protections of that state's laws and, therefore, reasonably could anticipate being haled into court there;  and

(2)  the exercise of personal jurisdiction, under the circumstances, must not offend traditional notions of fair play and substantial justice.

*Command-Aire Corp. v. Ontario Mech. Sales & Servs., Inc.*, 963 F.2d 90, 94 (5th Cir. 1992) (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102 (1987)).

A court may exercise "general" or "specific" personal jurisdiction. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). A court may exercise "general" jurisdiction when a defendant's contacts do not arise from the cause of action, but the non-resident defendant maintains "continuous and systematic" contacts with the forum state. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984)). In contrast, a court may exercise "specific" jurisdiction over disputes "when the non-resident's contacts with the forum state arise from, or are directly related to, the cause of action." *Id.* (citing *Helicopteros*, 466 U.S. at 414 n.8).

## II. Analysis

Chatham asserts that the Court should dismiss Khalil's claims because Chatham lacks sufficient contacts with the State of Texas to permit the Court to exercise personal jurisdiction over it. *See* FED. R. CIV. P. 12(b)(2). Khalil responds that the Court should deny the motion to dismiss because Chatham "purposely availed itself of the benefits and protections of the laws of the [State of Texas]," thus justifying the exercise of personal jurisdiction. (Dkt. #27, ¶ 17). The Court disagrees with Khalil and finds Chatham did not have minimum contacts sufficient to submit it to the jurisdiction of this Court.

### A.  General Jurisdiction

As the party seeking to invoke this Court's jurisdiction, Khalil bears the burden of establishing contacts to submit the non-resident defendant to jurisdiction of the Court. *See Bullion*, 895 F.2d at 216-

17. In attempting to satisfy this burden, Khalil broadly submits that Chatham engaged in continuous and systematic contacts with Texas, sufficient for the Court to exercise general jurisdiction over it. Khalil concedes that Chatham has not maintained a building or bank account in Texas and does not have any representatives in Texas. While Khalil contends that Chatham conducts "much activity in Texas," Khalil refers only to her limited interactions with Chatham, not to any other activity defendant has with or in Texas. However, Khalil maintains that the existence of Chatham's website, coupled with the facts that it is "accessible by Texas residents" (Dkt. #27, ¶17) and is "meant to be interactive rather than passive" (Dkt. #17, ¶4), is enough to establish personal jurisdiction.

When considering whether an Internet website gives rise to personal jurisdiction, the Court looks to the United States Court of Appeals for the Fifth Circuit's decision in *Mink v. AAAA Development, LLC*. 190 F.3d at 336-37. The court in *Mink* adopted the Western District Court of Pennsylvania's reasoning in *Zippo Mfg. Co. v. Zippo Dot Com, Inc. Mink*, 190 F.3d at 336 (adopting *Zippo*, 952 F. Supp. 1119 (W.D. Pa. 1997)). The *Zippo* court looked to the "nature and quality of commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124. *Zippo* discusses three different areas of activity: where the defendant clearly does business, and jurisdiction is appropriate, where the defendant maintains a passive website, and jurisdiction is not appropriate, and the middle ground. *Zippo*, 952 F. Supp. at 1124.

Applying the analytical framework from *Zippo*, the Fifth Circuit in *Mink* considered whether a website can establish personal jurisdiction in the forum state. The website in question supplied a printable mail-in order form, a telephone number, and an electronic mailing address. *Id.* at 337. The court compared this activity to other possible website activities, such as consumer's ability to purchase online. *Id.* It concluded that the AAAA website essentially posted information with means for follow-up, but that this constituted little more than "passive advertisement." *Id*. at 336-37. As such, the court concluded it was not enough to establish personal jurisdiction. Contrary to Khalil's contention, maintaining an Internet website to facilitate business does not automatically subject the entity to general jurisdiction.

In this case, at the time Khalil applied to Chatham for admission, Chatham maintained a website that supplied its contact information and a list of necessary application materials. Despite Khalil's apparent assertions to the contrary, however, the website had no application form available on the Internet. Although Khalil asserts that Chatham's "website allowed, and still allows, users across the world to apply online" (Dkt. #27, ¶8), Khalil only supports this assertion with copies of Chatham web pages from 2004 as evidence (Dkt. #11, Ex. 1). The Court notes Khalil carefully never asserts that *she* applied online. In fact, Chatham declares it had no website application form at that time. (Dkt. #15, Ex. A). Indeed, Chatham attaches Khalil's paper application mailed via the United States Postal Service to Chatham to support its contention (Dkt. #15, Ex. B). Additionally, Khalil did not assert that the Chatham website specifically solicited Texas residents.

Using the analysis in *Mink*, the Court concludes that at the time Khalil applied, Chatham's website was little more than passive, and therefore not enough to establish personal jurisdiction. *See Mink*, 190 F.3d at 337. The Court additionally notes that the facts alleged and evidence submitted do not make up "substantial" contacts in the forum state. *See Revell*, 317 F.3d at 471 (finding no general jurisdiction because over 20 Internet subscriptions from Texas residents were not considered "substantial" contacts in the forum state). As such, the Court finds Chatham did not have continuous and systematic contacts with the forum state to subject Chatham to general jurisdiction.

**B.    Specific Jurisdiction**

The Court now turns to the issue of specific jurisdiction. In order to exercise specific jurisdiction over Chatham, this Court must find that Chatham purposefully availed itself of the forum through its conduct so that it would reasonably anticipate being haled into court there. *See Burger King*, 471 U.S. at 475; *Revell*, 317 F.3d at 475. The purposeful availment requirement assures the defendant jurisdiction will not be exercised as a result of the "mere[ly] fortuit[ous]" fact that the plaintiff resides in the forum state. *Electrosource*, 176 F.3d at 872; *See Burger King*, 471 U.S. at 475. A finding of specific jurisdiction also requires that the alleged injuries "arise out of or relate to" the activities between

resident and non-resident. *Electrosource, Inc. v, Horizon Battery*, 176 F.3d 867, 871 (5th Cir. 1999) (citing *Burger King*, 471 U.S. at 472). Khalil submits that she found Chatham's website, applied to the college, was accepted, communicated with faculty members, and then decided to attend Chatham. Khalil states she "filled-out and mailed the necessary admissions paperwork" (Dkt. #27, ¶8), from Houston, Texas, and asserts that "communications with the school were conducted via electronic mailing."[2] Khalil asserts that as these contacts relate to her cause of action, they support an exercise of specific jurisdiction. The Court disagrees.

In general, exchange of communications between the two states during the course of negotiation and performance of the contract does not, by itself, constitute purposeful contact with the forum for the purpose of personal jurisdiction. *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985). In fact, "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Holt Oil*, 801 F.2d at 778. Several factors determine whether the communications and contract are sufficient. In particular, the Fifth Circuit has considered whether the contract was performed in the forum state, whether the plaintiff's payment for the goods or services occurred in the forum state, and whether the choice of law provision in the contract applies the forum state's law. *See Polythane Sys., Inc. v. Marina Ventures Int'l, Inc.*, 993 F.2d 1201, 1205 (5th Cir. 1993); *Holt Oil*, 801 F.2d at 778. Finally, in cases where the material performance is not in the forum state, the Fifth Circuit has noted that payment matters even less in the determination. *Holt Oil*, 801 F.2d at 778.

In this case, Khalil's contractual claim is insufficient to exercise specific jurisdiction. Chatham essentially conducted no business in Texas. The decision to admit Khalil to Chatham was made in Pennsylvania and the faculty responses to Khalil's questions were written in and sent from Pennsylvania,

---

[2] Khalil's assertion that all communication took place via electronic mailing appears only in the Conclusion section of her Opposition to Defendant's Supplemental Motion to Dismiss for Lack of Jurisdiction, and not in either her Original or Amended Complaint. (Dkt. #27, ¶30). The Court notes that in Khalil's affidavit, Khalil states any communications she had were "through electronic email, as well as through the telephone." (Dkt. #27, Khalil Aff., ¶3).

not in the forum state of Texas. At most, Chatham's website was available to Texas residents, however, it was similarly available to residents of all forums. Performance of the alleged contract would take place at Chatham in Pennsylvania, not in Texas. Furthermore, even if the Court assumes Khalil's payment to Chatham would come from Texas, the weight of this factor is greatly diminished by the fact that performance of the contract occurred in Pennsylvania. *See Holt Oil*, 801 F.2d at 778. Finally, it is undisputed that there is no choice of law provision in the contract requiring application of Texas law. Under these circumstances, the Court finds that Khalil has failed to sufficiently establish that Chatham engaged in the type of purposeful availment that supports a finding of minimum contacts with Texas required for it to be subject to the Court's jurisdiction. As such, dismissal of Khalil's complaint is appropriate.

## Conclusion

Accordingly, the Court GRANTS Chatham's Motion to Dismiss for Lack of Personal Jurisdiction, Chatham's Unopposed Supplemental Motion to Dismiss for Lack of Personal Jurisdiction, and Khalil's Motions for Leave to File Responses to Chatham's Motions for Dismissal. The Court further DENIES Chatham's Motion to Strike and DENIES as moot Chatham's Motion to Dismiss for Improper Venue. The Court will issue an Order of Dismissal on even date herewith.

It is so ORDERED.

Signed this 5th day of August, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE