UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NASHWA KHALIL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. H-04-3093 |
| v. | § | |
| | § | |
| CHATHAM COLLEGE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Rehearing/Reconsideration (Dkt. #30). Having considered the motion, the response, and the applicable law, the Court is of the opinion that Plaintiff's motion should be DENIED.

**Discussion**

Plaintiff seeks reconsideration of this Court's August 5, 2005 Memorandum and Order ("M&O") (Dkt. #28), which dismissed Plaintiff's claims without prejudice for lack of personal jurisdiction over Defendant. Plaintiff now requests that the Court reinstate Plaintiff's claims and transfer the case to Pennsylvania. Plaintiff explains that, although the Court dismissed her claims without prejudice, she is barred by the statute of limitations from refiling her claims in Pennsylvania. According to Plaintiff, "[s]ince Plaintiff's claims are now barred, this Court should transfer [her] claims to Pennsylvania . . . [because] . . . [that] is where [Defendant's] campus is located, the decision to admit [Plaintiff] to [the school] was made, and performance of the contractual obligations took place."

If a district court concludes that it lacks personal jurisdiction over a civil case, it may transfer

such action to any district court where jurisdiction is proper if such a transfer is in the interest of justice. *See CD Solutions, Inc. v. Tooker*, 965 F. Supp. 17, 20-21 (N.D. Tex. 1997) (finding that transfer to the district where the defendants resided rather than dismissal would serve the interests of justice where the court concluded personal jurisdiction was lacking in an Internet-related case) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962)). The determination of whether to transfer rests in the court's discretion. *Id*. However, although this Court has the discretion to transfer the cause, the circumstances presented in this case do not warrant such action. First, the Court notes that Plaintiff specifically argued in her earlier pleadings that this Court "should not dismiss **or transfer the suit**."[1]  Second, the Court cannot conclude that the interests of justice are served by rescuing Plaintiff from her improper assessment of the jurisdictional prerequisites for filing in this forum. Specifically, the Court points to Plaintiff's apparent differing recollections regarding the application process for Defendant's institution.[2] Moreover, the Court finds it troubling that, despite initially contending that a substantial number of events giving rise to this lawsuit took place in this forum, Plaintiff now concludes that "this Court should transfer [her] claims to Pennsylvania . . . [because] . . . [that] is where [Defendant's] campus is located, the decision to admit [Plaintiff] to [the school] was made, and performance of the contractual obligations took place." Under these circumstances, the Court finds that reinstatement and transfer would not be appropriate.

---

[1] Dkt. #12, ¶ 4 (emphasis added).

[2] As the Court notes in its earlier M&O, the evidence is uncontroverted that Plaintiff sent her application to Defendant via regular mail. Despite this undisputed evidence, Plaintiff had earlier stated in her declaration, "I applied . . . via their World Wide website . . . I submitted my application form through the College's website."). Dkt. #11, Ex. 2, ¶ 3

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Rehearing/Reconsideration is DENIED.

It is so ORDERED.

Signed this 24th day of October, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE